IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: Jonathan Foca | ) | Case No. |
| | ) | |
| Plaintiff | ) | COMPLAINT |
| | ) | |
| v. | ) | July Demand Requested |
| | ) | |
| Hunter Warfield | ) | |
| 4620 Woodland Corp. Blvd. | ) | |
| Tampa, FL 33614-2415 | ) | |
| | ) | |
| Defendant | ) | |

Now comes Plaintiff, by and through his attorneys, and, for his Complaint alleges as follows:

### JURISDICTION AND VENUE

1. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).

2. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

### APPLICABLE LAW

3. Under the Illinois Collection Agency Act (225 ILSC 425/9(a)(29)), no collection agency can charge a collection fee beyond the amount of the debt for a consumer transaction, unless there is a prior agreement allowing such fee, authorized by law or authorized in a subsequent commercial transaction.

### PARTIES

4. Plaintiff, Jonathan Foca (hereinafter "Plaintiffs") incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").

5. Plaintiff is residents of the State of Illinois

6. Defendant, Hunter Warfield, Inc.. is a Florida business entity with an address of 4620 Woodland Corporate Blvd., Tampa Bay, FL 33614-2415, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).

7. Unless otherwise stated herein, the term "Defendant" shall refer to Hunter Warfield, Inc.

## STANDING AND INJURY

8. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

9. Specifically, Plaintiff suffered a concrete informational injury as a result of Defendant's failure to provide truthful information in connection with its attempt to collect an alleged debt from Plaintiff.

10. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

11. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, and frustration.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

12. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $2205.00(the "Debt") to an original creditor (the "Creditor")

13. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. Section 1692(a)(5)

14. The Debt was purchased, assigned or transferred to Defendant for collection.

15. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. Section 1692a(2).

16. On or about January 8, 2018, Plaintiff received an initial collection letter

from Defendant. See Exhibit.

17. On the back of said letter, it states "[N]otice of Payment Transaction Fee: Should you elect to make a payment through our online payment portal or by phone, a payment transaction fee may be charged to you. To avoid this fee, please send payment using the payment coupon attached to this letter and mail payment(s) to Hunter Warfield." See Exhibit.

18. It is important to note reiterate that the exhibit does not charge an fee for credit card usage as long as if it is mailed in using the coupon. See Exhibit.

19. There is absolutely nothing in Illinois law or any agreement made by Plainitff allowing Defendant to charge the extra fee for the Plaintiff to pay online.

## VIOLATIONS OF THE FDCPA-15 U.S.C. SECTION 1692, et seq.

20. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The Defendants' conduct violated 15 U.S.C. Section 1692f in that it attempted to collect fees that were illegal to collect in Illinois.

22. Plaintiff is entitled to damages as a result of Defendants' violations.

## JURY DEMAND

23. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

23. Plaintiff demands the following relief:

   a. Judgment against Defendant for Plaintiff's actual damages, as determined at trial, suffered as a direct and proximate result of Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. Section 1692(a)(1);

   b. Judgment against Defendant for $1,000 in statutory damages for

      Defendant's violations of the Fair Debt Collection Practices Act, pursuant to Section 1692(a)(2)(A);

c. Judgment against Defendant for Plaintiff's reasonable attorney's fees and costs incurred in this action, pursuant to 15 U.S.C. Section 1692k(a)(3); and

d. Any other legal and/or equitable relief as the Court deems appropriate.

 

Respectfully submitted,

/s/ John Carlin
John P. Carlin #6277222
Suburban Legal Group, P.C.
1305 Remington Rd., Ste. C
Schaumburg, IL 60173
jcarlin@suburbanlegalgroup.com
Attorney for Plaintiff